In re Jack W. WILSON, Debtor.

First Indiana Bank, Plaintiff,

v.

Jack W. Wilson, Mortgage Sources, Inc. and Michael Cauley, Defendant.

Bankruptcy No. 00–47158–R.
Adversary No. 00–4645.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

May 15, 2001.

Deborah S. Rubin, Southfield, MI, for creditor.

Stephen P. Stella, Detroit, MI, for debtor.

## Opinion

STEVEN W. RHODES, Bankruptcy Judge.

The issue before the Court is whether the Court has jurisdiction over the plaintiff's claims against the non-debtor defendants in this adversary proceeding. At the final pre-trial conference, held on March 30, 2001, the parties indicated that the adversary proceeding had been settled as to the debtor, and the complaint was to proceed against the non-debtor defendants only. The Court then decided that the matter would be held in abeyance pending a determination as to the Court's jurisdiction. The parties were instructed to file briefs on the issue of jurisdiction. Following a hearing on May 7, 2001, the Court took the matter under advisement. The Court now concludes that it does not have jurisdiction.

## I.

First Indiana Bank filed this adversary proceeding against the defendants on September 8, 2000. In count I, First Indiana alleges that the debtor induced it to make a loan to the debtor by misrepresenting to First Indiana the value of property the debtor used as security for the loan. First Indiana seeks a determination that the resulting debt is non-dischargeable under § 523(a)(2)(A).

In count II, First Indiana alleges that Mortgage Sources and Michael Cauley acted as the debtor's agents in obtaining the loan from First Indiana. First Indiana contends that Mortgage Sources and Cauley knowingly and fraudulently misrepresented the value of the home to First Indiana in an effort to induce First Indiana to extend the loan to the debtor. Count II alleges that the misrepresentations of Mortgage Sources and Cauley should be imputed to the debtor rendering the debt non-dischargeable under § 523(a)(2)(A).

Count III alleges that the debtor provided First Indiana with a false settlement statement and loan application purportedly prepared at the time the debtor purchased the property used as security for the First Indiana loan. First Indiana contends that it relied on these documents in extending the loan. Count III seeks a determination that the debt is non-dischargeable under § 523(a)(2)(B).

Count IV alleges that Mortgage Sources and Cauley knowingly and fraudulently perpetrated a fraud on First Indiana by submitting a false loan application and settlement statement on behalf of the debtor. First Indiana alleges the debtor is responsible for the actions of his agents. First Indiana therefore seeks a judgment against the debtor, Mortgage Sources and Cauley, jointly and severally, for the full amount of First Indiana's losses.

The parties state that First Indiana and the debtor have entered into a settlement agreement resolving all claims against the debtor. Therefore, only count IV, against Cauley and Mortgage Sources, remains. Although no settlement agreement has been filed, the attorney for First Indiana represented at the hearing that pursuant to the terms of the settlement, the debtor is to pay First Indiana $7,500 and First Indiana is to dismiss the debtor from the complaint.

## II.

First Indiana contends that the Court has jurisdiction over the claims against the non-debtor defendants because the complaint contains substantial allegations of joint conduct between the debtor, Cauley and Mortgage Sources. First Indiana further asserts that the matter is related to the bankruptcy because the outcome of the proceeding will determine First Indiana's claim against the debtor and determine the extent of the debtor's liability to Cauley and Mortgage Sources for contribution.

The defendants contend that because the claim against the non-debtor defendants arises under Michigan law and is entirely unrelated to the administration of the bankruptcy case, the Court does not have jurisdiction.

## III.

■■■ In order for the bankruptcy court to have jurisdiction over a proceeding, it must be at least "related to" a case under title 11. 28 U.S.C. § 157(c)(1). A matter is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 482 (6th Cir. 1992) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). The matter

does not need to "directly involve the debtor, as long as it 'could alter the debtor's rights [or] liabilities,' but an 'extremely tenuous connection' will not suffice." *Sanders*, 973 F.2d at 482 (citing *MESC v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1142 (6th Cir. 1991)). Moreover, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b) ]." *Pacor*, 743 F.2d at 994. The bankruptcy court's jurisdiction may extend to suits between non-debtor parties only if the action has "an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 1498 n. 5, 131 L.Ed.2d 403 (1995).

First Indiana relies on *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482 (6th Cir.1996); *Kelley v. Nodine (In re Salem Mortgage Corp.)*, 783 F.2d 626 (6th Cir.1986); and *Haden v. Edwards (In re Edwards)*, 100 B.R. 973 (Bankr.E.D.Tenn.1989), in support of its contention that the Court has jurisdiction. First Indiana contends that these cases stand for the proposition that "related to" jurisdiction exists when there is joint conduct between the debtor and the non-debtor defendants *or* when the outcome of the proceeding could conceivably have some effect on the estate being administered in bankruptcy.

■■■ However, the test in the Sixth Circuit, as in the majority of other circuits, is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Sanders Confectionery Products*, 973 F.2d at 482. To the extent that joint conduct has been found to be a factor, it is because the joint conduct contributed to the proceeding having an effect on the administra-

tion of the bankruptcy estate. *See Dow,* 86 F.3d at 493–94; *Salem,* 783 F.2d at 634. Further, although the court in *Edwards* focused primarily on the joint conduct or intertwined behavior of the debtor and the non-debtor defendant to find that the bankruptcy court had jurisdiction over the non-debtor defendant, it also concluded that an additional basis for determining that the claims against the non-debtor defendant were related to the bankruptcy was the impact a judgment in the plaintiff's favor could have on the bankruptcy estate. *Edwards,* 100 B.R. at 982. There is no support for the proposition that joint conduct, standing alone, is sufficient to confer jurisdiction.

Further, because this is a no asset case, any claim by First Indiana against the estate or by the non-debtor defendants for contribution would not have any effect on the administration of the bankruptcy estate.

Accordingly, the Court concludes that it does not have jurisdiction over the plaintiff's claims against the non-debtor defendants this adversary proceeding.